*Criminal*

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:98CV207
(1:95CR20)

| | |
|---|---|
| DOUGLAS WALTER CHILDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| CORDELIA M. CLARK; STATE OF ) | |
| NORTH CAROLINA; UNITED STATES ) | |
| OF AMERICA, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the government.

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of proceedings, enters summary dismissal for the reasons stated herein.

On April 22, 1996, the undersigned sentenced the Petitioner to a term of 290 months incarceration for his kidnaping conviction. Two days later, on April 24, 1996, the Antiterrorism and

A True Copy
TESTE:
Frank G. Johns, Clerk
By: Elizabeth G. Barton
Deputy Clerk

Effective Death Penalty Act of 1996 (AEDPA) instituted a one year limitation period for filing motions pursuant to § 2255. **AEDPA, 28 U.S.C. § 2255.** On July 10, 1996, the Fourth Circuit Court of Appeals dismissed the Petitioner's appeal. On September 25, 1998, the Petitioner filed his first motion pursuant to § 2255. The Fourth Circuit has recently held "that a prisoner whose statutory right to seek federal [] relief [pursuant to § 2255] accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition." *Brown v. Angelone,* **150 F.3d 370, 374 (4th Cir. 1998).** A reasonable period of time was defined by the Court as one year from the effective date of the statute; thus, "prisoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 or § 2255 motion." *Id.,* **at 375.** Thus, whether Petitioner's conviction is deemed to have become final on April 22, 1996, or July 10, 1996, his motion is untimely.[1]

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct his sentence is hereby **DISMISSED** as untimely; and

**IT IS FURTHER ORDERED** that the Petitioner's application to proceed *in forma pauperis* is hereby **DENIED** as moot.

THIS the 26th day of October, 1998.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

---

[1] The Court is unable to ascertain from the record whether the appeal was dismissed for lack of jurisdiction or because the Petitioner's waived his right to appeal in his plea agreement.

# United States District Court
# Western District of North Carolina
# Asheville Division

DOUGLAS WALTER CHILDS,

    Petitioner,

vs.

CORDELIA M. CLARK, STATE OF
NORTH CAROLINA; UNITED STATES
OF AMERICA,

    Respondent(s).

JUDGMENT IN A CIVIL CASE

1:98cv207
(1:95cr20)

FILED
ASHEVILLE, N.C.
OCT 26 1998
U.S. DISTRICT COURT
W. DIST. OF N.C.

DECISION BY COURT. This action having come before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is hereby entered in accordance with the Court's October 26, 1998 Order.

October 26, 1998

FRANK G. JOHNS, CLERK

BY: *Elizabeth Barton*
Elizabeth Barton, Deputy Clerk