IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:95CR20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DOUGLAS WALTER CHILDS. | ) | |

**THIS MATTER** is before the Court on the Defendant's motion pursuant to 18 U.S.C. §3582(c)(2) to correct his sentence. The motion is denied and the Defendant is cautioned against future frivolous filings.

On January 20, 1995, Scott Mark Muncy (Muncy) left his job as a bartender at McGuffey's Restaurant in Asheville, North Carolina in the early morning hours. He drove to a local bar where he had a beer and ran into the Defendant whom he recognized as a past customer at McGuffey's. Muncy left the bar and got back into his car to go home at which point, the Defendant knocked on the window and asked for a ride home. Muncy gave him a ride; however, when they reached the Defendant's residence, Defendant asked for money. Muncy replied that he had very little at which point, the Defendant stabbed Muncy in the neck several times, tied him up, placed him in the back seat of the car and drove off. Eventually, Muncy was able to sit up and realized they had crossed into Tennessee. Muncy was able to get the Defendant to stop at a rest area by claiming he was about to vomit. Once the car stopped, he ran from it to a rest area attendant and was transported by ambulance to a hospital. The Defendant was arrested on

DOCUMENT
SCANNED

January 27, 1995 after a car chase with the police during which he was driving Muncy's car.

On February 7, 1995, Defendant was indicted and charged with kidnaping, car jacking, and transportation of a stolen vehicle in violation of 18 U.S.C. §§1201(a), 2119 & 2312. At the time of his indictment, the Defendant was in state custody on traffic violation charges stemming from the car chase. The Defendant, who had confessed to the crime, received court-appointed counsel and entered into a plea agreement with the Government pursuant to which he pled guilty to the kidnaping charge in exchange for the dismissal of the other two counts. On April 22, 1996, the undersigned found that the Defendant qualified as a career offender under the Sentencing Guidelines and sentenced him to 290 months imprisonment. On April 25, 1996, defense counsel filed a notice of appeal on Defendant's behalf; however, the Court of Appeals dismissed the appeal on July 10, 1996. On October 26, 1998, the undersigned dismissed the Defendant's motion pursuant to 28 U.S.C. §2255 as untimely.

Defendant now moves for relief pursuant to 18 U.S.C. §3582(c)(2) claiming that his felony convictions for assault on a female were uncounseled and therefore improperly used to enhance his offender status to that of a career offender. It is true that the undersigned found the Defendant had three prior felony convictions for crimes of violence due to state convictions for assault on a female in 1992. **United States v. Johnson, 114 F.3d 435, 444-45 (4th Cir. 1997) (conviction for assault on a female which became final prior to 1994 amendment properly used to enhance to career offender status).** It is also true that the Defendant pled guilty to two of those charges after having voluntarily waived his right to counsel. Thus, because he waived that right, those convictions were properly counted toward career offender status. **United States v. McManus, 2001 WL 1141292 (4th Cir. 2001).** 18 U.S.C. §3582 provides that a sentencing court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... ." **18 U.S.C. §3582(c)(2).** However, that has not occurred here and the Defendant is not entitled to any relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED.** The Defendant is cautioned against future frivolous filings.

**THIS** the 13th day of November 2001.

LACY H. THORNBURG
**UNITED STATES DISTRICT COURT JUDGE**

swp

United States District Court
for the
Western District of North Carolina
November 15, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:95-cr-00020

True and correct copies of the attached were mailed by the clerk to the following:

    Jerry W. Miller, Esq.
    U. S. Attorney's Office
    207 U.S. Courthouse Bldg.
    100 Otis Street
    Asheville, NC  28801-2611

cc:
| | |
|---|---|
| Judge | ( ) |
| Magistrate Judge | ( ) |
| U.S. Marshal | ( ) |
| Probation | (✓) |
| U.S. Attorney | ( ) |
| Atty. for Deft. | ( ) |
| Defendant | (✓) |
| Warden | ( ) |
| Bureau of Prisons | ( ) |
| Court Reporter | ( ) |
| Courtroom Deputy | ( ) |
| Orig-Security | ( ) |
| Bankruptcy Clerk's Ofc. | ( ) |
| Other_____ | ( ) |

Date: 11-15-01

Frank G. Johns, Clerk
By: _____
Deputy Clerk