IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:95CR20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | **ORDER** |
| | ) | |
| | ) | |
| DOUGLAS WALTER CHILDS | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Temporary Restraining Order in Junction (sic) and Show Cause Order," filed August 24, 2004. Although unclear, it appears the Defendant seeks to challenge the restitution being withheld from prison earnings.

On January 20, 1995, Scott Mark Muncy (Muncy) left his job as a bartender at McGuffey's Restaurant in Asheville, North Carolina, in the early morning hours. He drove to a local bar where he had a beer and ran into the Defendant whom he recognized as a past customer at McGuffey's. Muncy left the bar and got back into his car to go home at which point, the Defendant knocked on the window and asked for a ride home. Muncy gave him a ride; however, when they reached the Defendant's residence, Defendant asked for money. Muncy replied that he had very little; Defendant then proceeded to stab Muncy in the neck several times, tied him up, placed him in the back seat of the car and drove off. Eventually, Muncy was able to sit up and realized they had crossed into Tennessee. Muncy was able to get the Defendant to stop at a rest area by claiming he was about to vomit. Once the car stopped, he ran from it to a rest area

DOCUMENT
SCANNED

attendant and was transported by ambulance to a hospital. The Defendant was arrested on January 27, 1995, after a car chase with the police during which he was driving Muncy's car.

On February 7, 1995, Defendant was indicted and charged with kidnaping, carjacking, and transportation of a stolen vehicle in violation of 18 U.S.C. §§ 1201(a), 2119 and 2312. At the time of his indictment, the Defendant was in state custody on traffic violation charges stemming from the car chase. The Defendant, who had confessed to the crime, received court-appointed counsel and entered into a plea agreement with the Government pursuant to which he pled guilty to the kidnaping charge in exchange for the dismissal of the other two counts. On April 22, 1996, the undersigned found that the Defendant qualified as a career offender under the Sentencing Guidelines and sentenced him to 290 months imprisonment. On April 25, 1996, defense counsel filed a notice of appeal on Defendant's behalf; however, the Court of Appeals dismissed the appeal on July 10, 1996. On October 26, 1998, the undersigned dismissed the Defendant's motion pursuant to 28 U.S.C. § 2255 as untimely.

Defendant then moved, On November 9, 2001, for relief pursuant to 18 U.S.C. § 3582(c)(2) claiming that he was not represented at the time he was convicted for felonious assault on a female and, therefore, these convictions were used improperly to enhance his offender status to that of a career offender. That motion as well was denied by this Court and affirmed by the Fourth Circuit. ***United States v. Childs*, 34 Fed.Appx. 124 (4th Cir. 2002).**

On April 25, 2003, Petitioner filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the District Court for the district in which he is incarcerated. Finding that the motion was a substitute for a motion pursuant to § 2255, the Magistrate Judge transferred it to this District as the sentencing court. Noting that the Petitioner had already exhausted his

remedies pursuant to § 2255 and that the Fourth Circuit had denied Petitioner's request for permission to file a successive § 2255 motion on March 18, 2003, the undersigned found it had no jurisdiction to entertain the petition.

Now, in what appears to be an annual attempt to harass the judicial system of this District, the Defendant attacks the withholding from his prison earnings of amounts to pay restitution. The undersigned finds this constitutes an attempted third motion pursuant to 28 U.S.C. § 2255 and that the Defendant has not complied with the statute.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**28 U.S.C. § 2255.**

Moreover, the Defendant has been previously cautioned against frivolous filings. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed.Appx. 918 (10th Cir. 2002);** *Tinker v. Hanks*, **255 F.3d 444, 445 (7th Cir. 2001);** *In re Vincent*, **105 F.3d 943 (4th Cir. 1997).** The Defendant is hereby warned that any future frivolous filing will result in the imposition of a pre-filing review system. *Vestal v. Clinton*, **106 F.3d 553 (4th Cir. 1997).** If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. *Foley v. Fix*, **106 F.3d 556 (4th Cir. 1997);** *In re Head*, **19 F.3d 1429 (table), 1994 WL 118464**

(4th **Cir. 1994).** Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. *See*, **28 U.S.C. § 1651(a);** *In re Martin-Trigona*, **737 F.2d 1254 (2d Cir. 1984).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED.**

**THIS** the _31st_ day of August, 2004.

_____
**LACY H. THORNBURG**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
for the
Western District of North Carolina
September 1, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:95-cr-00020

True and correct copies of the attached were mailed by the clerk to the following:

    William L. Gardo II, Esq.
    P. O. Box 1044
    Hendersonville, NC  28793

    Jerry W. Miller, Esq.
    United States Attorney
    Room 233, U.S. Courthouse
    100 Otis Street
    Asheville, NC  28801

cc:
Judge                              (✓)
Magistrate Judge                   ( )
U.S. Marshal                       (✓)
Probation                          (✓)
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Court Reporter                     ( )
Courtroom Deputy                   ( )
Orig-Security                      ( )
Bankruptcy Clerk's Ofc.            ( )
Other_____             ( )

Date: Sept. 1, 2004

Frank G. Johns, Clerk

By: _____
    Deputy Clerk