# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:11-cv-00230-MR
## [Criminal Case No. 1:95-cr-00020-MR-1]

DOUGLAS WALTER CHILDS, )
)
    Petitioner, )
)
vs. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
_____)

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 1996, Petitioner was convicted of one count of kidnaping, in violation of 18 U.S.C. § 1201(a), and sentenced to a term of 290 months' imprisonment. [Criminal Case No. 1:95-cr-00020-MR, Doc. 19: Judgment in a Criminal Case]. Petitioner timely appealed his case; however, on July 10, 1996, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. [Id., Docs. 18 and 20].

On September 25, 1998, Petitioner filed a motion pursuant to Section 2255 challenging his criminal judgment. On October 26, 1998, the Court dismissed the motion after determining that it was not timely filed. [Civil Case No. 1:98-cv-00207-LHT, Doc. 3: Memorandum and Order of Dismissal]. Petitioner did not file an appeal.

On September 12, 2011, Petitioner filed the present Section 2255 motion contending that he is entitled to be resentenced because prior convictions that were identified in his presentence investigation report ("PSR") have been "modified" subsequent to his sentencing.[1] The Court conducted an initial review of the present § 2255 motion, noting that the motion appeared to be an unauthorized Section 2255 motion. [See Civil Case. No. 1:11-cv-00230, Doc. 2 at 1]. In addition, the Court noted that Petitioner's motion appeared to be time-barred under the provisions of 28 U.S.C. § 2255(f). [Id.]. The Court therefore ordered Petitioner to file a response explaining why his motion should not be summarily dismissed as being successive and/or untimely filed, and specifically requiring Petitioner to explain how he had diligently pursued his rights in light of the fact that the alleged vacatur of his convictions occurred in 1999, more than ten

---

[1] The PSR identified three convictions for crimes of violence and one conviction for breaking and entering. Consequently, the Probation Officer found that Petitioner qualified for a sentencing enhancement as a career offender under U.S.S.G. § 4B1.1. [Criminal Case No. 1:95-cr-00020, Doc. 72: PSR ¶ 29].

2

years prior to the filing of the present § 2255 motion. Petitioner has filed his Response [Doc. 3], and this matter therefore is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Citing a recent case from the Eleventh Circuit, Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), Petitioner contends that his motion is not subject to dismissal as a successive petition because the modifications to his state convictions occurred after he filed his first Motion to Vacate which was denied. In Stewart, the Eleventh Circuit applied Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), in holding that the state court vacatur of a predicate conviction triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4), and therefore allows a petitioner to file a second Section 2255 motion on the basis that at

the time the first motion to vacate was filed and denied, the information relied upon in the second motion did not exist. [Doc. 2 at 3-6].[2]

Under the Guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (1994).[3]

In the present case, Petitioner's PSR identifies four (4) prior felony convictions for crimes of violence: three (3) prior convictions for assault on a female, [Criminal Case No. 1:95-cr-00020-MR, PSR ¶¶ 42, 43 & 45], and one conviction for breaking and entering, [Id. ¶ 47]. Relying on Stewart, Petitioner argues that one of his convictions for assault on a female (identified in paragraph 42 of the PSR) has been set aside, thereby invalidating his career offender enhancement. [Doc. 1 at 4]. In support of this argument, Petitioner submits a document which purports to be a 1999 court order from the McDowell County District Court setting aside Petitioner's guilty plea to the assault conviction. This order further

---

[2] Section 2255(f)(4) provides that the one-year statute limitations begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[3] The Probation Officer applied the 1994 version of the Guidelines Manual.

provides, however, that the matter would be placed back on the trial calendar for further proceedings. [Order, File No. 91CR2887, Doc. 1-1 at 1-2]. Petitioner provides no evidence regarding the subsequent history of the assault charge, and therefore, the Court has no evidence before it from which to determine the ultimate resolution of this matter. Even if this conviction had been set aside, however, that fact would be of no moment because the evidence before the Court, as set forth in the PSR, establishes that Petitioner has three other prior convictions which qualify him as a career offender. See U.S.S.G. § 4B1.1 (1994).

Petitioner attempts to challenge the validity of the other two assault convictions (identified in paragraphs 43 and 45 of the PSR) with a copy of an order purportedly from the Buncombe County Superior Court. That order, however, is not dated or signed by a judge and thus does not appear to be a valid judicial document. Even if it were valid, the substance of this unsigned order does nothing to help Petitioner's cause. The unsigned order states that the guilty pleas which Petitioner entered with respect to the two assault charges were knowingly, voluntarily, and intelligently made. Moreover, the unsigned order states that Petitioner failed to meet his burden of proving that he was not represented by counsel when he entered his guilty pleas. [Doc. 1-1 at 3-4].

In a Section 2255 proceeding, Petitioner bears the burden of proving his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (finding that "[b]ecause the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .") (internal citations omitted). The evidence before the Court demonstrates that Petitioner's two convictions of assault on a female identified in paragraphs 43 and 45 of his PSR, and his breaking and entering conviction are more than sufficient to qualify him as a career offender. Petitioner has therefore failed to demonstrate that his present motion is authorized under Stewart.

In his Response to the Court's Order regarding the issue of timeliness, Petitioner makes two principal arguments that he advances for the first time in this collateral proceeding, arguments which stray wildly from his initial claim regarding "modified" state convictions.

First, Petitioner contends that his sentence was improperly enhanced because the Government failed to file a notice as required by 21 U.S.C. § 851. [Doc. 3 at 1-3]. This argument wholly fails to address the issue of timeliness. In any event, however, this argument is entirely without merit. Petitioner was not subject to an enhancement under Section 851, and he

was not sentenced based on prior convictions under Section 851. As such, his argument that he was subjected to an improper sentencing enhancement is baseless.

Next, Petitioner argues that he is entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because none of his prior convictions exposed him to a prison term in excess of one year. [Id. at 3-5]. This argument, too, is without merit. First, Petitioner received an active term of 10 years' imprisonment following his conviction on the charge of breaking and entering. [Criminal Case No. 1:95-cr-00020-MR, Doc. 72: PSR ¶ 47]. Clearly, this prior conviction exposed him to a prison term in excess of one year. Second, Simmons provides no relief with respect to Petitioner's assault convictions. Petitioner sustained these convictions in 1991 and 1992, prior to the enactment of the North Carolina Structured Sentencing Act. [See Criminal Case No. 1:95-cr-00020-MR, PSR ¶¶ 43, 45]. At that time, this offense was punishable by a term of imprisonment not to exceed two years. See Jenkins v. United States, No. 1:02CR105-LHT, 2007 WL 1456216, at *2 (W.D.N.C. May 16, 2007) (Thornburg, J.) (noting that such assault convictions sustained prior to October 1, 1994, carried a term of imprisonment of no more than two years under N.C. Gen. Stat. § 14-33(b)). Because Simmons addressed only the

7

construction and application of the North Carolina Structured Sentencing Act, the Simmons analysis does not affect convictions and sentences predating October 1, 1994, the enactment date of the Act. See Bean v. United States, No. 5:11-CV-00623-F, 2012 WL 3647405, at *1 (E.D.N.C. Aug. 23, 2012). For these reasons, Petitioner's assault convictions are unaffected by Simmons.

In sum, Petitioner's prior convictions for breaking and entering and assault on a female undoubtedly qualify Petitioner as a career offender. Petitioner has failed to demonstrate that the convictions supporting his career offender designation were vacated or otherwise invalid. Accordingly, Petitioner has failed to meet his burden of establishing that he meets the threshold requirement of 28 U.S.C. § 2255(f)(4). Based on the foregoing, the Court finds that Petitioner's present Section 2255 motion is an unauthorized, successive motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged through his first Section 2255 motion. Petitioner has failed to present evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 28, 2013

Martin Reidinger
United States District Judge