THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:95-cr-00020-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOUGLAS WALTER CHILDS, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of the term of supervised release. [Doc. 84]. The Government has advised the Court that it does not oppose the Defendant's motion.

On July 6, 1995, the Defendant pled guilty to kidnapping, in violation of 18 U.S.C. § 1201(a). The presentence report found that the Defendant had at least two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: three 1992 North Carolina convictions of assault on a female, and a 1995 North Carolina conviction of breaking and entering. [Doc. 72 at 6, 8-10]. On April 22, 1996, this Court imposed a sentence of 290 months' imprisonment and five years of

supervised release and ordered the Defendant to pay restitution in the amount of $44,347.20. [Doc. 19].

The Defendant commenced his term of supervised release on July 19, 2019. In December 2020, he was arrested for driving while intoxicated in Madison County, North Carolina. [Doc. 78]. In February 2021, the Court modified the terms of his supervised release to increase his substance abuse treatment services and to impose 50 hours of community service. [Id.]. In April 2021, the Defendant's supervising probation officer filed another request for modification of his conditions, noting that the Defendant had "continued to consume alcohol to excess but has indicated his willingness to cease this substance abuse." [Doc. 81 at 1]. The probation officer's request further notes that the Defendant has an outstanding balance of approximately $24,000 in restitution. [Id.].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 84]. For grounds, the Defendant states that he has completed approximately 2/3 of his term and has maintained employment since his release. He further notes that he has regularly participated in mental health treatment. [Id.].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the

defendant and the interest of justice." 18 U.S.C. § 3564(c). Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted. The Defendant still has a significant outstanding restitution obligation. Additionally, the Defendant consumed alcohol to excess while on supervision, resulting in a driving while impaired charge, and he continued his dangerous use of alcohol after he was arrested. While the Court applauds the Defendant's commitment to maintaining employment and seeking mental health treatment, the Court finds that additional time under supervision would be beneficial to the Defendant. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 84], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

_____
Martin Reidinger
Chief United States District Judge